**In re Isobel S. PIERCE, Debtor.**

**Bankruptcy No. 2–94–01776.**

United States Bankruptcy Court,
D. Connecticut.

Dec. 16, 1994.

---

**154**

Eric A. Russman, Cramer & Anderson, Litchfield, CT, for New Milford Bank and Trust Co., movant.

Patsy M. Renzullo, Winsted, CT, for Isobel S. Pierce, debtor-respondent.

Gilbert L. Rosenbaum, trustee-respondent, Hartford, CT.

### INTERIM RULING ON MOTION TO DISMISS CHAPTER 12 PETITION

ROBERT L. KRECHEVSKY, Chief Judge.

#### I.

The issue presented in this interim ruling on a motion to dismiss the debtor's Chapter 12 petition is whether the debtor qualifies as a family farmer by having received more than 50 percent of her 1993 income from a farming operation. Code § 109(f) provides: "Only a family farmer with regular annual income may be a debtor under chapter 12 of this title." Section 101(18)(A) defines "family farmer," in relevant part for this ruling, as meaning an individual "engaged in a farming operation" who received from such operation more than 50 percent of the individual's "gross income" for the taxable year preced-

ing the taxable year in which the case concerning the individual was filed.

#### II.

In November 1982, Isobel Pierce, the debtor, acquired a parcel of land in New Milford, Connecticut. The same year, she, together with Susan Enfeld (Enfeld), started a farming operation, originally organized in corporate form and changed to a partnership in 1991, utilizing the name "Kerstrat Farm." In more recent years, the debtor testified that the farming operation has concentrated on the breeding of American Alpine show goats. Under the partnership arrangement, the partnership guarantees the debtor a payment of $15,000 per year for managing the goat-breeding farm located on the debtor's property. The debtor also works part-time in a New York City liquor store.

The debtor filed her Chapter 12 petition on May 13, 1994. The New Milford Bank & Trust Company (NMBT), a creditor secured by the debtor's realty, filed, on June 8, 1994, a motion to dismiss the case, and, on August 16, 1994, a supplemental motion to dismiss. After several court hearings on these motions, the parties agreed to file briefs on the sole issue of the debtor's status as a family farmer under the income requirement of § 101(18)(A).

The debtor's 1993 tax return discloses "Adjusted Gross Income" of $7,552. Of this amount, $6,000 is shown as wages from the liquor store, $52 from interest, and $1,500 as partnership income, described on an attached Schedule E. Part II of Schedule E, entitled "Income or Loss From Partnerships and S Corporations," shows "Nonpassive [Partnership] Income" of $15,000 and "Nonpassive [Partnership] Loss" of $13,500, for a "Total Partnership" income of $1,500.

The 1993 Kerstrat Farm partnership tax return discloses that the partnership incurred a net loss of $38,763, and itemizes under "Farm Expenses," a "Guaranteed Payment—Isobel Pierce" of $15,000. The partnership tax return lists gross income of $36,455, and total expenses of $75,218. The tax return also reflects that $36,100 was contributed during the year to the Partners' Capital Accounts. There was testimony that the

---

partnership paid and the debtor received the $15,000 payment and that Enfeld made the $36,100 capital contribution.

NMBT contends that the $15,000 which the debtor received should be construed as a gift from Enfeld "unrelated to the farm operation." NMBT Reply Brief at 3. The debtor responds that she received the $15,000 from the partnership for her services, and that Enfeld's willingness to shoulder the partnership losses by being the partner who made the $36,100 contribution to the partnership is irrelevant to the issue before the court.

## III.

The court concludes that the debtor satisfies the income test of § 101(18)(A). It is undisputed that during 1993 the debtor managed the goat-breeding operation, including maintaining, inseminating and selling the animals. Under her agreement with Enfeld, she was guaranteed $15,000 income regardless of the extent of the partnership losses. The $15,000 income is credited toward the satisfaction of the § 101(18)(A) income requirement. NMBT's contention that Enfeld was improperly funneling money through the partnership to the debtor in contravention of Congress's intent in enacting Chapter 12 is unsupported. *Cf. In re Burke*, 81 B.R. 971, 977 (Bankr.S.D.Iowa 1987) ("Wages, fees or payment that result from a farming activity and relate to the farming operation will usually be farm income.... An individual debtor 'engaged in a farming operation' of a family related farm corporation or partnership may claim wages from such entity as farm income absent a showing of abuse of Congressional intent.").

## IV.

Because the debtor meets the income requirements of a family farmer, NMBT's motion to dismiss this case may not be granted at this stage of the proceeding. Other issues raised by NMBT's motion will be considered at the continued hearing. It is

SO ORDERED.